UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHARLES McKEY, JR., ET AL. | CIVIL ACTION |
| VERSUS | NO: 07-7603 |
| THE STANDARD FIRE INSURANCE COMPANY, ET AL. | SECTION: "A" (4) |

**ORDER AND REASONS**

Before the Court is a **Motion to Remand (Rec. Doc. 3)** filed by plaintiffs Charles McKey, Jr. and Elizabeth McKey. Standard Fire Insurance Company, on behalf of itself and the incorrectly referred to entity Travelers (hereinafter the "Standard Fire"), opposes the motion. The motion, set for hearing on January 9, 2008, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is **GRANTED**.

**I.     BACKGROUND**

Plaintiffs initiated this suit in state court against Standard Fire and Landrieu Brothers. In their petition, Plaintiffs allege that their immovable property located in New Orleans, Louisiana

sustained damage as a result of Hurricane Katrina. According to Plaintiffs, the extensive damage caused by the hurricane rendered the property unable to be occupied and necessitated massive repairs. Plaintiffs seek a judgment declaring that the language of Plaintiffs' insurance policy provides coverage for all damage resulting from the hurricane and that any damage resulting from the hurricane is not excluded under the policy. (Petition ¶¶ XIII, XV). In addition, Plaintiffs pray for payment of damages including but not limited to damages resulting from the hurricane, loss of use and additional expenses, loss of enjoyment, diminution in value, repair and remediation, business interruption and other business losses, and mental anguish. (*Id.* at ¶ XVIII and Prayer). Finally, Plaintiffs claim they are entitled to penalties and attorney's fees pursuant to La. R.S. §§ 22:658 and 22:1220. (*Id.* at ¶¶ XIV, XVIII and Prayer).

Standard Fire removed the suit alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332. Defendant claims that this Court has jurisdiction because there is complete diversity between Plaintiffs and Standard Fire and the amount in controversy exceeds the sum of $75,000. (Notice ¶ 5). In the Notice of Removal, Standard Fire contends that Plaintiffs improperly joined defendant Landrieu Brothers, an alleged contractor and Louisiana citizen, for the sole purpose of preventing removal. (*Id.* at ¶¶ 7, 11).

Plaintiffs move to remand the case to state court on the ground that Standard Fire has failed in its burden of establishing that the amount of controversy exceeds $75,000. Standard Fire opposes the motion. In opposition, Standard Fire argues that the petition makes it "facially apparent" that the jurisdictional amount exists. Regarding its claim of improper joinder, Standard Fire observes that the only issue raised by Plaintiffs' Motion to Remand is whether the jurisdictional amount

exists. (Def. Opp. p. 1). Consequently, Standard Fire did not brief the Court on this issue in its opposition.

**II.     DISCUSSION**

It is well established that the party invoking the jurisdiction of a federal court has the burden of proving that the exercise of such jurisdiction is proper. *In re North American Philips Corp.*, 1991 WL 40359, at *2 (5th Cir. 1991). In a removal case, the removing party bears that burden, a burden unaffected by the status of discovery, the number of plaintiffs, or any problems created by state law. *Id.* Any doubt regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction and in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

In *Luckett v. Delta Airlines, Inc.*, the Fifth Circuit summarized the analytical framework for determining whether the amount in controversy requirement is met in cases removed from Louisiana state courts where specific allegations as to damage quantum are not allowed. 171 F.3d 295, 298 (5th Cir. 1999). In such cases, the removing defendant, as the party invoking the federal court's jurisdiction, bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *Id.* (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). As the Fifth Circuit explained:

> The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.

*Id.* (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

Standard Fire argues that the petition makes it "facially apparent" that the jurisdictional

3

amount exists. (Opp. p. 1). The Court does not agree. The petition alone does not support the contention that the amount in controversy exceeds $75,000, notwithstanding Plaintiffs' use of lofty adjectives. Adjectives such as "widespread," "extensive," and "massive" are often used loosely in pleading causes so they are not particularly probative of federal jurisdiction. The petition offers no specifics whatsoever that would allow the Court to remotely estimate a quantum for Plaintiffs' claim. Plaintiffs seek numerous elements of damages, including statutory penalties and attorney's fees, but these potential awards will be based on Plaintiffs' underlying claim for damages. Pleading a litany of damages, including a claim for penalties and attorney's fees, does not ipso facto render a case removable to federal court. Again, the petition itself gives the Court no basis to conclude that the amount in controversy exceeds $75,000.

The Court now turns its attention to the notice of removal. In support of its position that the amount of controversy exceeds the requisite $75,000, Standard Fire cites the petition, in alleging the following: "on August 29, 2005, Hurricane Katrina made landfall in the Greater New Orleans area. The event caused widespread devastation and damage including damage to plaintiff(s) property. The extensive damage caused by Hurricane Katrina rendered the locations [sic] unable to be occupied and necessitated massive repairs." (Notice ¶ 16) (citing Petition ¶¶ VIII-IX). Defendant observes that Plaintiffs seek payment for damages including but not limited to damages resulting from the hurricane, loss of use and additional living expenses, loss of enjoyment, diminution in value, repair and remediation, business interruption and other business losses, and mental anguish. (*Id.*) (citing Petition ¶¶ XIII, XVIII, and Prayer). Additionally, Plaintiffs seek penalties and attorney's fees under La. R.S. §§ 22:658 and 22:1220. (*Id.* at ¶ 17) (citing Petition ¶¶ XIV, XVIII

4

and Prayer). According to Standard Fire, "[c]onsideration of those alleged penalties based on Plaintiff's alleged damages only further confirms the amount in controversy exceeds $75,000." (*Id.*)

In addition, Standard Fire submitted several exhibits in conjunction with The Standard Fire Insurance Company's Opposition to Plaintiffs' Motion to Remand. (Rec. Doc. 5). The exhibits establish the limits of the Homeowners Policy from November 20, 2004 to November 20, 2005 as follows: $113,000 for dwelling, $22,600 for loss of use, $79,100 for personal property, and $11,300 for other structures. (Opp. Exh. A, Affidavit of Nancy Ivy; Opp. Exh. B-1). However, the petition does not suggest that Plaintiffs are seeking to recover the policy limits. Exhibit B-2 contains a copy of an estimate submitted by Plaintiff from A-Team General Construction in the amount of $62,809.08. (Opp. Exh. B-2). That estimate demonstrates that A-Team General Construction believes that the damages to Plaintiffs' property total under $75,000. Finally, Defendant submits a letter from defense counsel to Plaintiffs' counsel with a proposed stipulation that damages do not exceed $75,000, which Plaintiffs ultimately did not execute. (Opp. Exh. B-3). A plaintiff's refusal to stipulate damages does not, standing alone, provide a basis for this Court to exercise jurisdiction. The removing party bears the burden, not the plaintiff; a plaintiff is not required to stipulate his way out of federal court.

The Court finds that Standard Fire has failed to meet its burden of establishing that the amount in controversy exceeds $75,000. As a result, the Court need not address Standard Fire's arguments in the notice of removal regarding improper joinder.

Accordingly, and for the foregoing reasons;

5

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 3.)** filed by plaintiffs Charles McKey Jr. and Elizabeth McKay should be and is hereby **GRANTED**. This matter is **REMANDED** to state court pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

January 22, 2008

　　　　　　　　　　　_____
　　　　　　　　　　　JAY C. ZAINEY
　　　　　　　　　　　UNITED STATES DISTRICT JUDGE